MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2019 ME 103
Docket:        Som-19-83
Submitted
  On Briefs:   June 26, 2019
Decided:       July 2, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

## IN RE CHILD OF AMEY W.

PER CURIAM

[¶1]    Amey W. appeals from a judgment of the District Court (Skowhegan, *Nale, J.*) terminating her parental rights to her then-eighteen-month-old child pursuant to 22 M.R.S. § 4055(1)(A)(1)(a), (1)(B)(2)(a)-(b)(i) (2018).[1]   The mother contends that the court erred in finding by clear and convincing evidence that she was an unfit parent upon determining that she would be unable to protect the child from jeopardy within the statutorily-required timeframe, that is, "[a] reasonable timeframe from the *child's* perspective." *In re Child of Carl D.*, 2019 ME 67, ¶ 6, --- A.3d --- (emphasis added); 22 M.R.S. § 4055(1)(B)(2)(b)(i).  We affirm the judgment.

[¶2]    The court made its unfitness finding, as well as its finding that termination was in the child's best interest, 22 M.R.S. § 4055(1)(B)(2)(a), based

---

[1]  The father consented to a termination of his parental rights; he is not a party to this appeal.  *See* 22 M.R.S. § 4055(1)(B)(1) (2018).

2

on competent evidence in the record. "We review the court's factual findings supporting its determination of parental unfitness and best interest[] of the child[] for clear error, and review its ultimate conclusion that termination is in the best interest[] of the child[] for an abuse of discretion, viewing the facts, and the weight to be given them, through the trial court's lens, and giving the court's judgment substantial deference." *In re Children of Jessica D.*, 2019 ME 70, ¶ 4, --- A.3d --- (quotation marks omitted).

[¶3]  The court's supported factual findings underlying its unfitness and best interest determinations include the following:

> The minor child . . . went into custody . . . [when she] was only 4 days old.
>
> . . . .
>
> [When the child was born,] the Department was contacted by [the hospital] due to concerns about [the mother]'s behavior. According to the medical staff, [the mother] was rough with the new born baby when she was changing her diaper by pushing and wiping the child too hard.  The hospital also discovered that [the mother] was taking prescribed [medication] during the pregnancy and she even admitted to using heroin[] as well.
>
> When the Department arrived at the hospital to speak to [the mother], she yelled and refused to speak to the social worker on the scene.  She denied using drugs and informed the Department she was planning on continuing her relationship with [the father] and claimed he had changed. . . . Eventually, a Facilitated Family Team Meeting was held and a doctor on the scene found that

[the mother] appeared scattered, erratic, and was rough with the baby. . . .

. . . .

The Court has significant concerns as to the fitness of [the mother] due to her continued conduct regarding drug abuse and her relationship with [the father]. [The mother] is a victim of brutal domestic violence [perpetrated by the father], and the Court sympathizes with the pain and hardships she has had to endure. However, the Court also notes that [the mother] denied the physical abuse to both her detriment, and the detriment of her children, despite significant evidence to the contrary. . . . [H]er actions have consistently shown that she has chosen her relationship with [the father] over both her welfare and the welfare of her children. Not only did the domestic violence negatively impact the children, [the mother]'s drug abuse is also concerning.

While [the mother] acknowledged in her Court-Ordered Diagnostic Evaluation that she sees the harm her actions had upon her children, the Court finds her answers to lack credibility. Despite their past, [the mother] admitted to still having contact with [the father]. This causes not only the Court concern, but also . . . the Licensed Psychologist who conducted the Court-Ordered Diagnostic Evaluation of [the mother]. In his report, [the psychologist] noted that [the mother] still appears to be more occupied with her relationship with [the father] [than] with her relationship with the children. Furthermore, [the mother] still does not appear to understand the reality of the abuse she suffered and the impact it had on her children.

Also, the Court finds that [the mother] has credibility issues in regard to her contact with [the father]. In the past, [the mother] has lied, been in denial, and refused to acknowledge the danger she was in. As noted in the Guardian ad Litem report, [the mother] lied as recently as [three months before the final hearing date] when she had in-person contact with [the father] in violation of the safety plan. Thus, despite [the mother] asserting that she and [the father]

are no longer together, the Court still has concerns of how their volatile relationship will impact [this child]. In all, [the mother]'s habit of lying, her alternate version of facts when it comes to the violence she has been victim to, and the impact it had on her oldest children, causes the Court to question her parental fitness. Plus, [the mother]'s use of heroin[] during her pregnancy with [the child] shows her lack of protective instinct for her children.

The Court also has concerns regarding [the mother]'s interactions with [the child]. According to both [the psychologist] in his report and the Guardian ad Litem report, [the mother] and [the child] have difficulty interacting. There is a lack of affection between the pair and [the mother] appears unable to properly engage with [the child]. [The mother] is unaware as to how her child operates, which leads to awkward interactions and hinders a proper parenting process. While [the mother] may know how to verbally interact with the child, the level of emotional attachment is not present. Overall, the Court has major concerns about [the mother]'s history of lying, denial of abuse, lack of protective capacity for her children, and her difficulty in interacting with [the child].

. . . [T]he Court must look at whether [the mother] is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet [the child's] needs. The Court finds the mother is not capable of making the necessary changes. . . . [The child] has been in DHHS custody for almost her entire life. . . . Each month is a very long time in the life of a child this age. With no clear timeline in sight, it is apparent that [the mother] is unable to protect [the child] from jeopardy and these circumstances are unlikely to change for [the child] in a time reasonabl[y] calculated to meet her needs. . . . The court finds . . . that the mother is unable to permanently sever her relationship with [the father] and as such lacks the capacity to protect her child from jeopardy in a time reasonably calculated to meet the needs of [her] young [child].

Finally, the Court finds that it is in [the child's] best interest to have her mother's parental rights terminated so as to allow her to be adopted. . . .

[The child] has waited long enough for permanency. What is being asked is more time for a parent to once again address her long-standing issues. [The mother] has had several opportunities to obtain assistance in removing herself from a dangerous relationship, engaging in substance abuse counseling, and connecting with her children. She has failed to do so each and every time. Thus, this Court finds by clear and convincing evidence that [the] mother is by statute unfit and it is in [the child's] best interest to seek permanency.

[¶4] We discern no clear error or abuse of discretion in the court's findings or analysis. *See In re Children of Jessica D.*, 2019 ME 70, ¶ 4, --- A.3d ---. Contrary to the mother's argument that given the progress that she has made—which the court acknowledged at the termination hearing[2]—she would be able to protect the child from jeopardy if given enough time:

As we have made clear on previous occasions, while the inquiry concerning parental unfitness is prospective, the evidence to be considered is retrospective. In every case, the court must gauge the reasonable timeframe from the child's perspective.

---

[2] We note that at the end of the first day of the termination hearing on August 29, 2018, the court, recognizing the "enormous amount of work" that the mother had done up to that point to alleviate jeopardy, encouraged the parties to explore an alternate resolution. At the parties' request, the court then recessed the hearing so that the mother could obtain a court-ordered diagnostic evaluation from a psychologist who was also a licensed alcohol and drug counselor. When the hearing resumed four months later, the court was able to hear evidence from the psychologist concerning the results of the evaluation and the mother's uncertain prognosis. The court also heard evidence from other witnesses that the mother had tested positive for cocaine and maintained contact with the father in the four-month period since being given this additional opportunity.

*In re Child of Carl D.*, 2019 ME 67, ¶ 6, --- A.3d --- (alteration, citations, and quotation marks omitted); *see also In re Jamara R.*, 2005 ME 45, ¶ 22, 870 A.2d 112 ("[O]nce a child has been placed in foster care, a statutory clock begins ticking. In setting that clock, the Legislature has spoken in terms of days and months, rather than in years, as might better fit an adult's timeframe for permanent change." (footnote omitted)), *overruled in part on other grounds by In re B.C.*, 2012 ME 140, ¶ 14 n.2, 58 A.3d 1118. The trial court's conclusion that this child "has waited long enough for permanency" is well supported by this record.

The entry is:

Judgment affirmed.

_____

Nathaniel Seth Levy, Esq., Portland, for appellant mother

Aaron Frey, Attorney General, and Zack Paakkonen, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Skowhegan District Court docket number PC-2017-35
FOR CLERK REFERENCE ONLY